UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JOAN DALTON on Behalf of Herself and on Behalf of All Others Similarly Situated,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 1:14-cv-00342** |
| | § | **JURY TRIAL DEMANDED** |
| **ACG TEXAS, L.P., ACG TEXAS GENERAL PARTNERSHIP, LLC, and ACG TEXAS GP CORP.,** | § § § | |
| **Defendants.** | § § § § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**
**COLLECTIVE ACTION & JURY DEMAND**

**SUMMARY**

1.      The case implicates Defendants ACG Texas, L.P., ACG Texas General Partnership, LLC and ACG Texas GP Corp.'s ("ACG" or "Defendants" collectively) violations of the Fair Labor Standards Act's ("FSLA") tip credit and subsequent underpayment of their employees at the federally mandated minimum wage and overtime rates.

2.      The FLSA requires employers to pay their employees the minimum wage of $7.25 per hour. 29 U.S.C. § 206(a)(1)(C).  However, under 29 U.S.C. § 203(m), an employer may take advantage of the "tip credit" in order to meet the federal minimum wage requirement with respect to "tipped employees."  *See* 29 U.S.C. § 203(m)(1)-(2).  Under this tip credit, an employer may pay a tipped employee as little as $2.13 per hour, but only if the employee still makes the minimum wage when the wages paid and the employee's tips combine to equal at least the minimum wage.  In other words, under 29 U.S.C. § 203(m), the employer may claim a credit

for an employee's tips to make up the difference between the cash wage of $2.13 per hour the employer pays and the minimum wage the employer owes its wait staff.  *See Pedigo v. Austin Rumba, Inc.*, 722 F. Supp. 2d 714, 721 (W.D. Tex. 2010).

3.      ACG took advantage of the tip credit.  However, under the FLSA, an employer cannot take advantage of the tip credit unless it complies with the strict requirements of the statute.  *See* 29 C.F.R. § 531.59.  First, the employer must inform an employee in advance of its use of tip credit pursuant to the provisions of § 203(m).  That is, employer must inform the employee of (1) the amount of the cash wage that is to be paid to the tipped employee, (2) the amount by which the wages of the tipped employee are increased on account of the tip credit, (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool, and (4) that the tip credit shall not apply to any employee who does not receive the notice.  *See* 29 C.F.R. § 531.59

4.      Additionally, it is illegal for employers to require waiters to share tips with ineligible employees such as food expeditors, kitchen staff, management, or the employer itself.  *See Roussell v. Brinker Intl., Inc.*, 2011 WL 4067171 (5th Cir. Sept. 14, 2011).

5.      ACG violated the FLSA in the following respects:

    a.   **3(m) Violation for failure to inform:**  Defendants failed to correctly inform the wait staff of their desire to rely on the tip credit to meet its minimum wage obligations based upon existing company-wide policies;

    b.   **3(m) Violation for making illegal deductions that reduced the direct wage of the servers below $2.13/hour:**  Defendants' companywide policies forced the wait staff to purchase work related items directly from Defendants. Additionally, Defendants' companywide policies required their servers to pay for its customer's orders when those customers vacated the restaurant without paying, as well as paying for errors in customer orders. Further, as a matter of company policy, Defendants deducted $0.35 each hour its servers worked.  This deduction was termed for a "meal deduction." However, this deduction was for the benefit and convenience of the employer, not the Plaintiff and Class Members.  Thus, this deduction was illegal.  Further, this deduction was made

even when the Plaintiff and Class Members did not have meals made available for their consumption during their shifts.  Moreover, the total cost of the meal deduction exceeded the cost of any such meals actually incurred by Defendants. Finally, the Plaintiff and Class Members were not provided an uninterrupted meal period and regularly worked during their meal period despite being "clocked out."

6.      As a result of these violations, ACG has lost its ability to use the tip credit and therefore must compensate its employees at the full minimum wage rate, unencumbered by the tip credit, and for all hours worked.  In other words, Defendants must account to its employees for the difference between the wages they paid and the minimum wage of $7.25 an hour.

7.      Defendants also violated the FLSA by failing to pay time and a half to their employees when they worked more than 40 hours a week.

8.      Plaintiff Dalton brings this action on behalf of herself and on behalf of all other similarly situated employees ("Class Members") to recover the unpaid wages owed to them by Defendants pursuant to 29 U.S.C. § 216(b).

9.      Plaintiff also prays that similarly situated wait staff of Defendants be notified of the pendency of this action to apprise them of their rights and to provide them an opportunity to opt into this litigation.

## SUBJECT MATTER JURISDICTION AND VENUE

10.     This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et. seq.*

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this district, including many of the wrongs herein alleged.

## PARTIES AND PERSONAL JURISDICTION

12.     Plaintiff Joan Dalton is an individual residing in Williamson County, Texas.  Her written consent to this action was previously filed with this Court as Exhibit "A" to Plaintiff's Original Complaint (Doc. 1-1).

13.     The Class Members are the current and former wait staff employees that worked for Defendants during the three year period prior to the institution of this action.

14.     Defendant ACG Texas, L.P. is a foreign limited partnership organized under the laws of Delaware.  Said Defendant has been served and has made an appearance in this case.

15.     Defendant ACG Texas General Partnership, LLC is a foreign limited liability company organized under the laws of Georgia.  Said Defendant has been served and has made an appearance in this case.

16.     Defendant ACG Texas GP Corp. is a domestic for-profit corporation.  Said Defendant has been served and has made an appearance in this case.

17.     This Court has personal jurisdiction over Defendants because each business does business in Texas, hires Texas residents, contracts with Texas residents, owns or leases property in Texas, and because Defendants are headquartered in Texas.

18.     Defendants operate over 60 restaurants throughout the state of Texas—including locations in El Paso, Amarillo, Austin, Houston, Dallas, Ft. Worth, and Waco.

## FLSA COVERAGE

19.     At all material times, Defendants have been employers within the meaning of the FLSA.  29 U.S.C. § 203(d).

20.     At all material times, Defendants have been enterprises in commerce or in the production of goods for commerce within the meaning of the FLSA.  29 U.S.C. § 203(s)(1).

21.     At all material times, Defendants have enjoyed yearly gross revenue in excess of $500,000.

22.     At all material times, Plaintiff and Class Members were employees engaged in the commerce or the production of goods for commerce.

23.     At all material times, Defendants have operated as a "single enterprise" within the meaning of 29 U.S.C. § 203(r)(1).  That is Defendants perform related activities through unified operation and common control for a common business purpose.

24.     Defendants operate a statewide chain of restaurants under the name IHOP under the control of the same senior level management.  Indeed the restaurants advertise themselves as a unified entity through the same website.

25.     Defendants represent themselves to the public as one restaurant operating at multiple locations.  They share employees, have a common management, pool their resources, operate from the same headquarters, have common ownership, and have the same operating name.

26.     Defendants operate under a unified business model and part of that unified business model is the wage violations alleged in this Complaint.

27.     Thus Defendants formed a "single enterprise" and are liable for the violations of the other.

## FACTS

28.     Defendants operate approximately sixty-seven restaurants in Texas under the trade name IHOP.

29.     Plaintiff worked as a waitress for Defendants.

30.     Defendants employ over one thousand wait staff personnel similar to Plaintiff.

5

31.     Defendants pay Plaintiff and Class Members less than the minimum wage.

32.     Defendants violated the FLSA's tip credit provision, 29 U.S.C. § 203(m), in the following manner.

33.     First, Defendants' wait staff personnel were not given proper notice of the tip credit under the law.

34.     Second, Defendants required that their wait staff personnel purchase specific uniform items. Defendants also required its wait staff personnel to pay for various work related expenses that were necessary to perform their jobs for Defendants, including but not limited to, nametags, pens, and aprons, on a regular basis.  The costs for these items were not reimbursed by Defendants.

35.     Because Defendants pay their wait staff personnel $2.13 per hour, any week in which a waiter/waitress was required to pay for work related expenses for Defendants' business, their compensation fell below the minimum wage rate, thereby negating Defendants' entitlement to claim the tip credit.

36.     Moreover, Defendants had a company-wide policy that required its waiters/waitresses to pay for errors in customer orders and when patrons exited the restaurant without paying their tabs.  This constituted another violation of the law.

37.     Additional violations of the law occurred because of Defendants' meal policy. Defendants had a company-wide policy that automatically deducted $.35 for each hour a waiter/waitress worked.  The deduction was for a purported "meal."

38.     Defendants took this deduction from the wages of the Plaintiff and Class Members even when they did not receive a meal and when a meal was not offered or made available to them.

39.     Moreover, despite the fact that the Plaintiff and Class Members were "clocked out" during their meal period, they were still required to work.  In fact, they were still required to tend to their tables and serve customers.  Thus, they did not have an uninterrupted meal period.  Employers are not allowed to deduct time from employees' pay when a meal period is not *completely uninterrupted*.

40.     Furthermore, while an employer may claim a meal credit deduction for the meals provided to its employees, a meal credit may only be taken if the employee is given a meal break that is uninterrupted and where the employee performs no work-related functions.  *See* 29 C.F.R. § 785.19(a).  When an employee is not relieved of his/her duties during a meal break, the meal ceases being for the convenience of the employee and becomes for the convenience of the employer.  In such a situation, crediting the cost of the meal against the employee's minimum wage violates the FLSA.

41.     29 C.F.R. § 778.217 states as follows:

> (a) *General rule.* Where an employee incurs expenses on his employer's behalf or where he is required to expend sums solely by reason of action taken for the convenience of his employer, section 7(e)(2) is applicable to reimbursement for such expenses. Payments made by the employer to cover such expenses are not included in the employee's regular rate (if the amount of the reimbursement reasonably approximates the expenses incurred). Such payment is not compensation for services rendered by the employees during any hours worked in the workweek.

29 C.F.R. § 778.217(a)

42.     Defendants mandate that the Plaintiff and Class Members remain on the premises of Defendants to be entitled to the meal, must be working a shift to claim the meal, and cannot take the meal home with them.  These restrictions were designed to force the Plaintiff and the Class Members to work through their meal periods.  In such situations, the meal provided by Defendants was akin to "supper" money under the federal regulations.  *See* 29 C.F.R. §

778.217(b).  This further supports that the meals provided by Defendants to the Plaintiff and Class Members were for the benefit and convenience of Defendants.  Again, in this situation, deductions for the costs of the meals are not permitted.

43.      Furthermore, the meal deduction taken by Defendants exceeded the actual costs incurred by Defendants in furnishing and preparing the meals that the Plaintiff and Class Members received.  The federal regulations provide that a deduction can only be taken if the amount "reasonably approximates the expenses incurred." 29 C.F.R. § 778.217(a).  By taking an excessive deduction, Defendants paid Plaintiff and Class Members less than the minimum wage.

44.      Due to the multifaceted violations outlined above, each of which is independently sufficient, Defendants lost the ability to claim the tip credit toward minimum wage.  As a result, Plaintiff and Class Members were not paid at the federally mandated minimum wage for every hour that they worked.

45.      In addition, Plaintiff and Class Members were required to and did in fact frequently work more than forty (40) hours per workweek without receiving compensation at one and one half times their regular rate.

46.      Moreover, Defendants knew about the requirements of the FLSA and the restrictions under the law, but intentionally chose to disregard them.  Consequently, Defendants' actions were "willful" under the law.

## COLLECTIVE ACTION ALLEGATIONS

47.      Plaintiff bring this action as a FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as waiters, servers, or in substantially similar positions within three (3) years from the commencement of this action to the present.

48.      Plaintiff has actual knowledge, through conversations with her co-workers that a class of similarly situated Class Members exists who have been subjected to the same policies with respect to the payment of the minimum wage and overtime.

49.      The Class Members are similarly situated to Plaintiff in that they share the same duties and were subject to the same violations of the FLSA.

50.      Plaintiff and Class Members labored under the same corporate structure, the same corporate policies, the same corporate chain of command, and pursuant to the same rules.

51.      The names and address of the Class Members of the collective action are available from Defendants' records.  To the extent required by law, notice will be provided to these individuals by first class mail or by the use of techniques and a form of notice similar to those customarily used in representative actions.

52.      Although the exact amount of damages may vary among the Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

53.      As such, the class of similarly situated Class Members is properly defined as follows:

**All current and former wait staff employed by Defendants in the three years preceding the filing of this action to the present.**

### CAUSES OF ACTION

COUNT I
VIOLATION OF THE FAIR LABOR STANDARDS ACT
FAILURE TO PAY OVERTIME
(COLLECTIVE ACTION)

54.      Plaintiff incorporates the preceding paragraphs by reference.

55.     This count arises from Defendants' violation of the FLSA for its failure to pay Plaintiff and Class Members overtime based on the FLSA's time and a half formula.

56.     For each hour worked in excess of forty (40) each week, Plaintiff and Class Members were entitled to be paid one and one-half times their regular rates of pay.  29 U.S.C. § 207.

57.     By failing to pay overtime based on that formula, Defendants have violated and continue to violate the FLSA.

58.     No exemption contained in the FLSA, its implementing regulations, or recognized by any court of the United States permits an employer in Defendants' position to skirt its obligation to pay overtime to an employee situated in the position of the Plaintiff and Class Members.

59.     Defendants' failure to pay overtime to Plaintiff and Class Members, in violation of the FLSA was willful and not based on a good faith belief that their conduct did not violate the FLSA.  As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA.  29 U.S.C. § 255(a).

COUNT II
VIOLATION OF THE FAIR LABOR STANDARDS
FAILURE TO PAY THE MINIMUM WAGE
(COLLECTIVE ACTION)

60.     Plaintiff incorporates the preceding paragraphs by reference.

61.     This count arises from Defendants' violation of the FLSA in connection with their failure to pay the minimum wage in association with their illegal use of the tip credit.

62.     Defendants' practice of failing to inform its employees of its intent to rely on the tip credit to meets its minimum wage obligations violates the FLSA.  Likewise, Defendants'

automatic meal deduction violates the FLSA because it results in Plaintiff and Class Members receiving less than the minimum wage.

63.     Defendants' failure to pay the minimum wage to Plaintiff and Class Members, in violation of the FLSA was willful and not based on a good faith belief that their conduct did not violate the FLSA.  To foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA.  29 U.S.C. § 255(a).

COUNT III
VIOLATION OF THE FAIR LABOR STANDARDS ACT
FAILURE TO MAINTAIN RECORDS
(COLLECTIVE ACTION)

64.     Plaintiff incorporates the preceding paragraphs by reference.

65.     Defendants failed to keep adequate records of Plaintiff's and Class Members' work hours, pay, and deductions in violation of the FLSA.  29 U.S.C. § 211(c).

66.     Federal law mandates that an employer is obligated to maintain three (3) years of payroll records and other records containing, among other things, the following information, pursuant to 29 C.F.R. §§ 516.2 and 516.5:

a.  The time of day and day of week an employee's work begins;

b.  The regular hourly rate of pay for any work week in which overtime compensation is due under 29 U.S.C. § 207(a);

c.  An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

d.  The amount and nature of each payment, which, pursuant to 29 U.S.C. § 207(e) of the FLSA is excluded from the regular rate;

e.  The hours worked each workday and the total hours worked each workweek;

f.  The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium and overtime compensation;

g.  The total premium for overtime hours;

h.  The total additions to or deductions from wages paid each pay period;

i.  The dates, amounts, and nature of the items which make up the total additions and deductions;

j.  The total wages paid each pay period;

k.  The date of payment and the pay period covered by the payment.

67.     Plaintiffs have not asserted this violation as a claim for affirmative relief, but merely to inform Defendants that Plaintiffs will be seeking to meet their burden under the FLSA by producing sufficient evidence to show the amount and extent of work "as a matter of a just and reasonable inference."  *See, e.g., Anderson v. Mt. Clemens Pottery, Co*., 328 U.S. 680, 687 (1946).

## WAGE DAMAGES SOUGHT PURSUANT TO 29 U.S.C. § 216(B)

68.     Plaintiff and Class Members are entitled to receive the difference between the federal minimum wage of $7.25 an hour and the tip credit adjusted minimum wage for each hour they worked.

69.     Plaintiff and Class Members are entitled to reimbursement for all illegal deductions.

70.     Plaintiff and Class Members are entitled to recover an equal amount of their unpaid minimum wage as liquidated damages.

71.     Plaintiff and Class Members are entitled to recover their unpaid overtime premiums for all time worked in excess of forty (40) hours in a single week.

72.     Plaintiff and Class Members are entitled to recover an equal amount of their unpaid overtime premiums as liquidated damages.

73.     Plaintiff is also entitled to recover her attorney's fees and costs, as required by the FLSA.

## JURY DEMAND

74.     Pursuant to her rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

75.     For these reasons, Plaintiff respectfully requests that judgment be entered in favor of herself and the Class Members awarding them:

a.  Minimum wage compensation unadulterated by the tip credit;

b.  An equal amount of their unpaid minimum wage as liquidated damages;

c.  Overtime compensation for all hour works in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

d.  An equal amount of their unpaid overtime premiums as liquidated damages, as allowed under the FLSA;

e.  All misappropriated funds including all tips, expenses, and wages wrongfully withheld;

f.  An order requiring Defendants to correct their pay practices going forward;

g.  Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

h.  Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By:  /s/ Galvin B. Kennedy
     Galvin B. Kennedy
     gkennedy@kennedyhodges.com
     State Bar No. 00796870
     711 W. Alabama St.
     Houston, TX 77006
     Telephone: (713) 523-0001
     Facsimile: (713) 523-1116

     LEAD ATTORNEY IN CHARGE FOR
     PLAINTIFF AND CLASS MEMBERS

OF COUNSEL:

Don J. Foty
dfoty@kennedyhodges.com
State Bar No. 24050022
KENNEDY HODGES, L.L.P
 711 W. Alabama Street
Houston, Texas 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on June 20, 2014 a copy of this document was served on all parties of record via the Court's electronic case filing system, which will send a notice of electronic filing to all counsel of record.

     /s/ Don J. Foty
       Don J. Foty